UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KENNETH R. HOPKINS,<br><br>Plaintiff,<br><br>v.<br><br>JANNA GARCIA, ET AL,<br><br>Defendants. | Case No. 26-cv-13157<br><br>Honorable Robert J. White |

**OPINION AND ORDER PARTIALLY DISMISSING THE COMPLAINT**

Michigan inmate Kenneth R. Hopkins filed this *pro se* civil rights action under 42 U.S.C. § 1983. Hopkins sues Central Michigan Correctional Facility officials: (1) Warden Janna Garcia, (2) Warden G. Miniard, (3) Dental Assistant Kendra Packer, (4) Registered Nurse Shelton Douglas, and (5) Jane/John Does. He sues all the defendants in both their individual and official capacities. The case will proceed against Defendants Packer and Shelton in their individual capacities on Hopkins' Eighth Amendment deliberate indifference to a serious medical need claim, and the remaining claims and defendants will be dismissed.

I.

The Court permitted Hopkins to proceed without prepayment of fees. (ECF No. 5); *see also* 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth*, 114 F. 3d 601, 604 (6th Cir. 1997).

The Prison Litigation Reform Act ("PLRA") authorizes the Court to dismiss a prisoner complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1915(e)(2). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

To prove a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v.*

*Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

II.

Hopkins is a prisoner at the Central Michigan Correctional Facility (STF). He asserts that on September 29, 2025, he went to the healthcare unit to complain about a cavity causing extreme pain. His tooth had a large hole that was oozing puss and bloody discharge. (ECF No. 1, PageID.1). That same day he was given an x-ray and told that he would immediately be scheduled to see a dentist. He was also prescribed antibiotics. Hopkins was told that there was no permanent dentist at STF and he would possibly be referred for offsite treatment. Hopkins asserts that he was not prescribed any pain medication though he was suffering from the most severe pain he had ever experienced in his life. (*Id.*, PageID.2).

Still awaiting treatment over two months later, on December 11, 2025, Hopkins sent another kite to STF healthcare reminding them of his tooth problem and excruciating pain and requesting to know when he would be seen by a dentist. On December 30, 2025, Hopkins was seen at the healthcare unit and was x-rayed again, and he was told that they did not have a dentist at STF but that he would "soon" see a dentist offsite. On January 2, 2026, Hopkins was again prescribed antibiotics, but he was not given any medications to relieve his pain. (*Id.*).

On February 12, 2026, Hopkins was once again seen at the healthcare unit and x-rayed for a third time. He was shown dark spots in the gum indicating that the cavity had become worse. The dental assistant gave Hopkins Tylenol and Motrin "which did near to nothing to offset the agony Plaintiff was experiencing." (*Id.* PageID.3).

On March 22, 2026, Hopkins sent another kite to STF healthcare informing them that a piece of his tooth cracked off and he swallowed it. The cavity was now "ultra-sensative [sic] to air and food thereby intensifying the already existing pain." (*Id.*).

Finally, on April 14, 2026, a visiting dentist came to STF, where Hopkins' decayed tooth was extracted. Hopkins asserts that he was in "agonizing, intense, and excruciating pain for over six months in which one attempt STF healthcare tried to offset his tortuous pain with very regular over the counter Tylenol and Motrin which was of no significant effect." (*Id.*).

Hopkins adds that he filed grievances regarding the delayed dental care starting on November 20, 2025. (*Id.* PageID.4.) He asserts that the STF medical providers failed to follow MDOC policies regarding medical emergencies. (*Id.* PageID.4-5).

With respect to his inability to name individual medical providers as defendants, Hopkins asserts that STF medical assistants did not wear name tags or covered up name tags with clothing. (*Id.* PageID.5).

Hopkins asserts that Defendants knew that he had a dental emergency that required immediate treatment. Hopkins asserts that Defendants nevertheless left him untreated and in excruciating pain for six months without adequate pain medication. (*Id.* PageID.6-7). Hopkins seeks $1,500,000 in damages plus fees and costs. (*Id.* PageID.8).

III.

A.

Hopkins asserts a violation of his Eighth Amendment rights due to the inadequate treatment of his cavity and his tooth pain. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care is inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id*. at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). In the context of dental care, the Sixth Circuit observed that "[d]ental needs fall into the category 'of serious medical needs' because '[d]ental care is one of the most

important needs of inmates.'" *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010) (quoting *McCarthy v. Place*, 313 F. App'x 810, 814 (6th Cir. 2008)).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id*. In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id*.

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.

B.

As an initial matter, Hopkins' claims for monetary damages against the defendants in their official capacities must be dismissed because the Eleventh Amendment bars suits for monetary relief against state officials sued in their official capacity. *Cooperrider v. Woods*, 127 F.4th 1019, 1043 (6th Cir. 2025).

C.

The Court notes a fundamental problem with the way Hopkins drafted his complaint. Specifically, Hopkins largely fails to ascribe particular acts or omissions of deliberate indifference to individual defendants. The complaint generally refers to being seen at the STF healthcare unit, and it mostly ascribes acts of deliberate indifference to the STF healthcare unit itself. At one point Hopkins refers to a dental assistant as a person who only gave him Tylenol and Motrin for his pain. (ECF No. 1, ¶ 8). But for the most part, when referring to the acts of inadequate dental care and lack of pain management, the complaint uses passive voice and asserts for example that "I was not prescribed any medications," (ECF No. 1, PageID.2), "[I] was told (again) that there was no dentist … and that I would soon see a dentist offsite," (*id.*), "once again no medication was prescribed for the excruciating pain," (*id.*), and "[Hopkins] required immediate treatment either within the STF institution or an approved offsite but was provided neither and was subjected to indescribable pain and suffering for over six months[,]" (*id.* at PageID.6).

The Sixth Circuit says that allegations that ambiguously ascribe individual acts collectively to all the defendants do not satisfy *Iqbal's* pleading requirements. "Summary reference to a single, five-headed 'Defendants' [or staff] does not support a reasonable inference that each Defendant is liable . . . ." *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citation omitted); *Marcilis v. Twp. Of Redford*, 693

F.3d 589, 596 (6th Cir. 2012) (finding that complaint failed to state a *Bivens* claim against two federal agents because it referred to all defendants categorically and did not identify the personal involvement of the agents); *Kerrigan v. ViSalus, Inc.*, 112 F. Supp. 3d 580, 601 (E.D. Mich. 2015) ("'shotgun' allegations of general misconduct' by a group of defendants is not sufficient to state a claim against each."). Hopkins' use of passive voice and reference to the STF healthcare unit in general results in the same deficiency. He fails to make specific allegations of unconstitutional conduct against specific individuals.

At the same time, the Court is mindful of Hopkins' allegation that he could not ascribe specific acts to individual defendants because the healthcare staff at STF did not wear name tags or covered their identification with their clothing. (*Id.* at PageID.5, ¶ 17).

Reading the allegations in the complaint together liberally, and for purposes of screening the complaint under the PLRA, the Court finds that the complaint states an Eighth Amendment claim against Defendants Kendra Packer, a dental assistant, and Shelton Douglas, a registered nurse. It appears to the Court that these are two of the individuals that Hopkins was able to identify at the STF healthcare unit that he claims failed to prescribe adequate pain medication and/or failed to timely schedule him for offsite dental care with knowledge of his serious dental condition. At this

early stage of the proceedings, the Court will allow the complaint to go forward against these two named defendants in their individual capacities.

D.

With respect to the John and Jane Doe defendants which are not mentioned in the body of the complaint, the complaint may be liberally construed as attempting to sue additional individual medical providers who likewise failed to provide adequate pain medication and/or timely refer him to an offsite dentist.

Rule 10(a) of the Federal Rules of Civil Procedure requires a plaintiff to include the names of the parties in the action. The use of placeholders is permitted only in limited circumstances, and only in the context where there is at least one named party and discovery from that party may eventually allow the true identity of the other persons to be discovered. See, e.g., *Odum v. Knox Cnty.*, 902 F.2d 34, 1990 WL 57241, at *1 (6th Cir. 1990) (holding that the complaint contained sufficient facts for the named defendants to discover the correct defendant with minimal investigation).

If other individual healthcare providers are identified through discovery, Hopkins may attempt to file a motion to amend the complaint that identifies such individuals and alleges how each one acted with deliberate indifference to his serious medical need. *See, e.g., Ross v. Washington*, No. 23-11785, 2024 U.S. Dist. LEXIS 22395, *10-11 (E.D. Mich. Feb. 8, 2024).

E.

Hopkins names two wardens, Miniard and Garcia, as defendants. Supervisors such as Miniard and Garcia cannot be held liable under §1983 merely on a theory of *respondeat superior.* A plaintiff must show that a supervisor is personally liable and violated the plaintiff's constitutional rights through his or her own actions. *Venema v. West*, 133 F.4th 625, 633 (6th Cir. 2025) (citing *Iqbal*, 556 U.S. at 677).

> [F]or supervisory liability to attach, there must be "more than an attenuated connection between the injury and the supervisor's alleged wrongful conduct." *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016). This Court requires that the plaintiff allege "some active unconstitutional behavior on the part of the supervisor," *id*. (internal quotation marks omitted), that is "directly correlated with the plaintiff's injury." *Essex v. Cnty. of Livingston*, 518 F. App'x 351, 355 (6th Cir. 2013). "[A] mere failure to act will not suffice to establish supervisory liability" in the context of a constitutional claim. *Peatross*, 818 F.3d at 241. But the supervisor need not "have physically put his hands on the injured party or even physically been present at the time of the constitutional violation" for supervisory liability for the violation to attach. *Id*. at 242. Still, "at a minimum, the plaintiff must show that the defendant at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id*. (internal quotation marks omitted). A supervisory official's failure to supervise, control, or train an offending subordinate is not actionable without this minimum showing. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

*Venema*, 133 F.4th at 633 (citations modified).

The complaint makes no factual allegations against Garcia and Hopkins other than the fact that during Warden Forum meetings they were asked about hiring a dentist at STF. (ECF No. 1, PageID.5, ¶ 18). Hopkins fails to assert any facts

showing that Garcia and Hopkins were personally aware of his serious medical need and that they implicitly authorized, approved, or knowingly acquiesced in any acts of deliberate indifference committed by STF healthcare personnel. Garcia and Hopkins will therefore be dismissed from the complaint.

IV.

Under 42 U.S.C. § 1915(e)(2), the complaint is therefore **DISMISSED** with respect to defendants Warden Janna Garcia, Warden G. Miniard, and against all Defendants in their official capacities.

The case will proceed against defendants Dental Assistant Kendra Packer and Registered Nurse Shelton Douglas in their individual capacities, and on the Eighth Amendment deliberate indifference to a serious medical need claim.

**SO ORDERED**.

Dated: October 9, 2026

s/Robert J. White
Robert J. White
United States District Judge